IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11087
Conference Calendar

_____

DAVID S. YERGER,

Plaintiff-Appellant,

versus

EARL E. FOX; ROBERT J. EASON; LORIE
L. WILLS; EARL S. ANDERSON, JR.;
CYNTHIA J. WESSLING,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:98-CV-69
- - - - - - - - - -
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

David S. Yerger, Texas prisoner # 616598, appeals from the district court's dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his civil rights complaint brought under 42 U.S.C. § 1983. Yerger argues that he was wrongly convicted in a prison disciplinary hearing of making a threat to a guard. He argues that, as a result of his conviction, he lost good-time credits, and his custodial classification was adversely affected.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Yerger's claims are without merit.  Yerger does not have a protected liberty or property interest in his custodial classification.  See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).  Moreover, he failed to make a showing in the district court that his "conviction" at the disciplinary proceeding was reversed, expunged, or otherwise declared invalid.  Any § 1983 challenge to the loss of his good-time credits therefore is barred.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

For the first time in his brief on appeal, Yerger argues that the false disciplinary report was racially motivated in violation of his rights under the Fourteenth Amendment.  He also states that the disciplinary charge violated his First Amendment right of free speech.  Yerger did not make these two allegations in his pleadings in the district court.  As such, they may not be raised on appeal for the first time.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) ("'The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'") (citation omitted), cert. denied, 120 S. Ct. 982 (2000).

Yerger's appeal is without arguable merit and therefore is frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal is DISMISSED.  5TH CIR. R. 42.2.